RICHARD WATHEN *v.* DAVIESS COUNTY COURT.

[Abstract Kentucky Law Reporter, Vol. 7—677.]

**Right of Bondholder Only Served by a Warning Order.**

Where a county is authorized to issue $250,000 worth of bonds, and actually issues bonds in excess of said sum, the excess bonds are invalid; but where the court in response to a warning order to bondholders, but no actual service of notice, decrees which of the outstanding bonds are valid and which invalid, one thus served by

setting up the facts entitling him to do so, within five years is entitled to his day in court to determine whether the bonds held by him are valid or not, and may have a retrial of such question.

## APPEAL FROM DAVIESS CIRCUIT COURT.

### March 2, 1886.

OPINION BY JUDGE HOLT:

The act to incorporate the Owensboro and Russellville Railroad Company provided by its 19th section that the county of Daviess might subscribe to the capital stock of the company such a number of shares as its county court might determine, levy upon the tax payers of the county such taxes as might be necessary to pay the same, and might if it deemed prudent issue the bonds of the county for the amount of stock subscribed or any part thereof, the bonds to be in such sums and payable at such times as the county court might determine; but the stock was not to be taken unless first authorized by a majority of the voters of the county. A subscription of $250,000 was duly authorized and taken, the shares being $25 each.

At the July term, 1868, of the Daviess County Court a committee was appointed on behalf of the county court "to have bonds executed and prepared of a sufficient amount to satisfy and pay off the subscription on the part of the county of Daviess to the Owensboro & Russellville Railroad Company; that said bonds be executed and made payable as follows: viz., $50,000 five years from date, $50,000 ten years from date, $75,000 fifteen years from date, $75,000 twenty years from date; the bonds bearing interest at six per cent. per annum, payable semi-annually, for the payments of which coupons are attached," etc. The committee were also authorized to sell the bonds to pay the subscription. Subsequently an order was made reciting "that as the court had ordered the committee to have bonds prepared and executed in a sufficient amount to satisfy and pay off the subscription and to sell and dispose of said bonds, either to individuals or corporations, it is now ordered that said order be so amended as to authorize said committee to appoint agents to sell said bonds."

Under these orders the bonds of the county were executed for $317,350 over the $250,000 that had been authorized; and it is

alleged in the petition that they. were sold to the railroad company in payment of the subscription. The over-issue doubtless arose from the fact that the committee believed that they had the power to issue and discount enough of the county bonds to pay the $250,000 subscription. A tax having been levied to pay the maturing bonds and accruing interest on all of them, this action was brought by certain of the taxpayers in their own behalf and that of the other tax payers of the county, enjoining its county court from collecting either the principal or interest upon the bonds issued in excess of $250,000; and the circuit court by a judgment rendered on January 24, 1876, sustained the injunction. Upon appeal this court held that the power of the county court to issue bonds was limited to $250,000; that its action beyond this was ultra vires, and outside the power given by the legislature; that the power to issue bonds did not imply the power to sell them; that the fact that the county had for several years levied and collected a tax to pay the interest on the bonds en masse did not make valid the exercise of a power which was without legal sanction; and the action of the lower court was affirmed. *Daviess County Court v. Howard,* 13 Bush (Ky.) 101.

The "unknown owners" of the bonds were joined in the petition as defendants with the county and the railroad company and a warning order was entered against them on May 12, 1875, which under the law then in force seems to us to have been proper and valid. Myers' Code, § 90. The judgment referred to above did not designate any particular bonds as invalid; but upon the return of the cause to the circuit court and on July 23, 1877, another judgment was entered by which certain bonds, designated in it by letter and number to the amount of $250,000, were adjudged valid; and certain other bonds also enumerated in it by letter and number, and amounting to $70,450, a small amount of over-issue in addition to the $67,350, were adjudged to be valid. Until this judgment was rendered no particular bonds of entire issue had been declared void.

On April 3, 1882, the appellants, Wathen and wife, who are the holders of certain of the bonds, which were thus declared to be void, appeared in the lower court and moved to file their petition to be made defendants and that it be taken as their answer. They also offered to execute a bond for costs and asked a retrial of the

action as to them. Their motion was overruled and of this they now complain. The prior judgments can not be regarded as void as to the bondholders, because they were constructively before this court, but for this they could disregard them altogether, and by new actions test the question of the liability of the county for their bonds.

Upon the former appeal the issue in this court was between the Daviess County Court and the taxpayers' agent and principal, and the question of the validity of the bonds in the hands of an innocent holder for value before maturity was not made by any of the holders, but the opinion then delivered must be regarded as having the weight of authority in a general sense, as having settled legal principles, and must be looked to for the law of the case. The over-issue of bonds was held to be invalid for the want of power in the county court to issue them; and this must be regarded as having settled their illegality, and in our opinion did so properly. The bonds held by the appellants were not, however, decided to be a part of the void over-issue until the judgment of July 23, 1877, was rendered; and their motion for a retrial having been made within five years it should under Civil Code, 1876, § 414, have been sustained if their petition and answer to any extent presented a defense on a valid claim. It sets up many matters which must be regarded as having been settled by the former opinion of this court, but it is not necessary for us now to distinguish between them and the new matter averred.

If there is any ground whatever or any fact presented by the pleading which if true would entitle the appellants to any relief, then their motion should have been sustained. For instance, by an amendment to the charter of the railroad the county judge was without a vote of the county, but upon a petition by a majority of the voters of the county, authorized to subscribe stock to the road; and it is averred that the issue over and above $250,000 was subscribed by him under the authority of such a petition. This question was not before the court upon the former appeal. Again it is alleged that on March 22, 1870, there were at the same time issued and sold $92,500 par value of the twenty-year bonds, a portion of which issue appears to have been valid, even restricting the entire issue to $250,000; that the bonds held by the appellants

are of this class; and they claim that they are entitled to an equitable or pro rata distribution of the fund represented by the issue to the extent that it was valid or within the $250,000.

We can not anticipate what issues may be raised or made by the parties; or now determine the facts, and it would not be proper to do so. Nor can we now determine the rights of the parties. They will depend upon what may be made to appear when the issues are made and the testimony taken. No question of equitable distribution was presented upon the former appeal; and in our opinion the answer of the appellants, the statements of which must upon this appeal be taken as true, presented a state of case which required the court below to rehear the case; and the judgment below is *reversed* with directions to permit the appellants to file their petition and answer. All interested parties, including the bondholders, should be brought before the court and further proceedings be had consistent with this opinion.

*Lewis & Fairleigh, C. R. Wathen, for appellants.*

*Stuart & Atchison, Geo. W. Jolly, for appellee.*